**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4083**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANNY TERRON RONEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:16-cr-00039-MOC-DLH-2)

Submitted:  October 31, 2017                    Decided:  November 8, 2017

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Interim Defender, Joshua B. Carpenter, Appellate Chief, FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Terron Roney was involuntarily committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d) (2012), based on a finding by a magistrate judge, affirmed by the district court, that he is incompetent to stand trial on federal criminal charges. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court erred in finding Roney incompetent. Roney has filed a pro se supplemental brief also challenging the commitment order. After a thorough review of the record, we affirm.

We review a district court's competency determination for clear error. *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005). As recognized by the magistrate judge, § 4241(d) establishes a two-part disjunctive test of competency:

> If . . . the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d). Based on an unrebutted psychological evaluation, the magistrate judge found that Roney was suffering from a mental disease or defect that rendered him unable to understand the nature and consequences of the proceedings against him or to assist in his own defense. The district court reviewed the magistrate judge's findings and concurred in the commitment order.

2

We have reviewed the record, including the transcript of Roney's competency hearing, and we conclude that the district court did not clearly err by finding Roney incompetent and committing him to the custody of the Attorney General. Therefore, we affirm the district court's commitment order.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[*] This court requires that counsel inform Roney, in writing, of the right to petition the Supreme Court of the United States for further review. If Roney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent Roney's pro se brief seeks to challenge other aspects of his case, we lack jurisdiction to consider these claims because they do not stem from a final order, 28 U.S.C. § 1291 (2012), or an appealable interlocutory or collateral order, 28 U.S.C. § 1292 (2012); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).